UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **GRAYLAND COPELAND,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 3:21-cv-00732 |
| | ) Judge Trauger |
| **CUSTOM PACKAGING and** | ) |
| **U.S. DISTRICT COURT,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Plaintiff Grayland Copeland, a Tennessee resident, filed a pro se complaint against Custom Packaging and U.S. District Court. (Doc. No. 1.) The plaintiff also submitted an application to proceed as a pauper. (Doc. No. 2.) Because the information provided by the plaintiff sufficiently indicates that he cannot pay the full civil filing fee in advance without "undue hardship," *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001), the application (Doc. No. 2) is **GRANTED**.

The court must review and dismiss any complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). The court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure, *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the complaint in the light most favorable to the plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA,*

*LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court then considers whether the factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept "unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)), or credit "legal conclusions masquerading as factual allegations." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

Applying these principles, the court concludes that the complaint must be dismissed. As a threshold matter, it appears that the plaintiff did not intend to initiate a new federal action. In 2002, the plaintiff – then known as Grayland A. Darty – filed suit in this court against defendant Custom Packaging under the Employee Retirement Income Security Act ("ERISA"). *See Darty v. Custom Packaging, Inc.*, Case No. 3:02-cv-00277. On July 12, 2002, Judge Robert L. Echols dismissed the plaintiff's claims. *Id*. (Doc. No. 11). Approximately eleven years after dismissal, the plaintiff notified the court of an address change and requested certain case filings. *Id*. (Doc. No. 12). Over eight years after this request, the plaintiff submitted a complaint that offers two reasons for "reopen[ing]" the prior case against Custom Packaging. (Doc. No. 1 at 4.) Accordingly, it appears that the plaintiff has submitted the complaint in an attempt to reopen the dismissed 2002 case rather than initiate a new civil action.

Nevertheless, to the extent that the court may liberally construe the complaint as a newly-filed action, the plaintiff fails to state a claim against either defendant. The complaint alleges that, between May 17, 2002, and September 24, 2013, defendant U.S. District Court failed to provide the plaintiff with notice of certain filings in the 2002 case against Custom Packaging. (Doc. No. 1

at 4.) But the complaint does not allege that U.S. District Court or its personnel engaged in any wrongdoing that violated plaintiff's rights or otherwise caused the plaintiff any injury.[1] (*Id.*) Thus, the plaintiff has not articulated a coherent legal claim against U.S. District Court or alleged facts adequate to suggest that he is plausibly entitled to relief. *See Twombly*, 550 U.S. at 555 (explaining that a complaint must contain factual allegations sufficient to raise a right to relief above the speculative level).

The plaintiff's claims against Custom Packaging, on the other hand, are time-barred. A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a complaint is subject to dismissal under the standards of Rule 12(b)(6) "if the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Jones v. Bock*, 549 U.S. 199, 216 (2007); *Primm v. Tenn. Dep't of Corr.*, No. 3:19-cv-00690, 2019 WL 4038330, at *1 (M.D. Tenn. Aug. 27, 2019) (quoting *Bowman v. Fister*, No. 16-6642, 2017 WL 5495717, at *2 (6th Cir. Mar. 22, 2017)).

The complaint alleges that Custom Packaging "broke federal law" by altering the plaintiff's retirement plan. (Doc. No. 1 at 4.) The court construes this as a claim that Custom Packaging breached the terms of the plaintiff's retirement plan and thereby violated one or more provisions of ERISA.[2] *See, e.g.*, *Nolan v. Detroit Edison Co.*, 991 F.3d 697, 700 (6th Cir. 2021). "Congress

---

[1] The court takes judicial notice that the 2002 case docket reflects that the plaintiff received the motion to dismiss, participated in a court conference, and filed a responsive motion, *prior* to May 17, 2002, the date upon which the plaintiff alleges that court communications became problematic. *See Darty*, Case No. 3:02-cv-00277 (Doc Nos. 4-9). The dismissal was based upon that motion to dismiss. *Id.* (Doc. No. 11).

[2] Although the complaint is not specific regarding the alleged violations, ERISA is the exclusive vehicle for these claims. *See, e.g.*, *Girl Scouts of Middle Tenn., Inc. v. Girl Scouts of the U.S.A.*, 770 F.3d 414, 419 (6th Cir. 2014) (explaining that state law claims for breach of contract and fiduciary duty related to ERISA-

3

did not provide a statute of limitations" for non-fiduciary duty claims under ERISA, so courts "borrow the time limit from the forum state's most analogous cause of action." *Id*. at 708 (quoting *Winnett v. Caterpillar, Inc.*, 609 F.3d 404, 408 (6th Cir. 2010)). For a "contractual" claim that an ERISA defendant "refus[es] to honor a promise" in connection with a plan, Tennessee's six-year limit on breach-of-contract actions applies. *Winnett*, 609 F.3d at 408 (citing Tenn. Code Ann. § 28-3-109).

Here, the plaintiff alleges that Custom Packaging "broke[ ] the contract that [the plaintiff] signed" by changing the retirement plan. (Doc. No. 1 at 4.) However, the complaint indicates that the plaintiff has been aware of the alleged ERISA violations since filing the 2002 case that he now seeks to revitalize. *See Winnett*, 609 F.3d at 408 (explaining that the six-year limitations clock runs when a party "discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation"). Moreover, there are no allegations in the complaint to suggest that the plaintiff wishes to bring an ERISA claim regarding any later-occurring event. (*See* Doc. No. 1.) Thus, the applicable six-year statute of limitations expired more than a decade ago, and the plaintiff's ERISA claims against Custom Packaging are time-barred.

Furthermore, the complaint suggests no basis for equitable tolling of the limitations period. The federal courts sparingly bestow equitable tolling. *King v. Bell*, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). To benefit from equitable tolling, a party must establish both that: (1) he has been pursuing his rights diligently,

---

regulated plans "are preempted" because ERISA specifically provides for remedies for breaches of contract and fiduciary duties) (citations omitted). In any event, the allegations of the complaint do not readily suggest any other legal claim.

4

and (2) some extraordinary circumstance stood in his way and prevented timely filing.[3] *Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The complaint does not allege that the inadequate mailing of certain 2002 case filings constituted "extraordinary circumstances" that prevented the plaintiff from timely pursuing his rights. *See Graham-Humphreys,* 209 F.3d at 561. Moreover, the complaint concedes that these alleged circumstances ended in September 2013, over eight years before the plaintiff submitted the complaint. (Doc. No. 1 at 4.) The complaint contains no claim that the plaintiff pursued his rights under ERISA with diligence between 2013 and 2021. *See id*. (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Accordingly, the complaint indicates no ground for equitable tolling.

For these reasons, the court concludes that the plaintiff has failed to state a colorable claim against either defendant. The complaint is **DISMISSED**.[4]

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Because an appeal would not be taken in good faith, the plaintiff is not certified to appeal the judgment as a pauper. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[3] The court may reject equitable tolling where a litigant fails to satisfy one requirement without addressing whether he satisfies the other. *Menominee Indian Tribe of Wisc.*, 577 U.S. at 256.

[4] The plaintiff may, subject to all applicable rules, pursue any available post-judgment relief in the 2002 case. The court makes no comment on the merits or timeliness of any such effort.

5